1     KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Hugo Miguel Zatarain Villegas,<br><br>            Petitioner,<br><br>vs.<br><br>United States of America,<br><br>            Respondent. | No. CV 07-2080-PHX-DGC (DKD)<br><br>**ORDER** |

       Petitioner Hugo Miguel Zatarain Villegas, who is confined in the Eden Detention Center in Eden, Texas, has filed a Petition pursuant 28 U.S.C. § 2255 and 28 U.S.C. § 2241. Petitioner alleges that his equal protection rights are violated because, as a deportable alien, he is prohibited from participating in a drug treatment program which would make him eligible for a sentence reduction. Further, Petitioner seeks immediate deportation pursuant to 8 U.S.C. § 1252(h)(2)(A). The Court finds that these claims are appropriately raised in a § 2241 Petition; the Court will therefore construe Petitioner's Motion as brought pursuant to 28 U.S.C. § 2241.

       A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 must be filed in the district court having jurisdiction over the petitioner's custodian. <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864 (9th Cir. 2000) (§ 2241 petitions must be filed in the custodial court, not the sentencing court). Petitioner is presently incarcerated in the Eden Detention Center in Eden, Texas. Accordingly, this Court does not have jurisdiction over Petitioner's custodian.

1  Under the Federal Courts Improvement Act, 28 U.S.C. § 1631, if a "court finds that
2 there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such
3 action or appeal to any other such court in which the action or appeal could have been
4 brought." 28 U.S.C. § 1631; Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990). This
5 Court will not transfer this action to a United States District Court in Texas, however,
6 because Petitioner has failed to name a proper Respondent.

7  A petitioner for habeas corpus relief must name the officer having custody over him
8 as the respondent to the petition. Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th
9 Cir. 1994); Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992). "Normally, that
10 is the warden of the penitentiary where the prisoner is confined." Miller, 905 F.2d at 261.

11  Petitioner has named the United States of America as the Respondent. The United
12 States is not the "person who holds the [P]etitioner in custody." Id. "Failure to name the
13 petitioner's custodian as a respondent deprives federal courts of personal jurisdiction."
14 Stanley, 21 F.3d at 360 (citing Brittingham, 982 F.2d at 379, and Dunne v. Henman, 875
15 F.2d 244, 249 (9th Cir. 1989)).

16  Because Petitioner has failed to name a proper respondent for a petition for writ of
17 habeas corpus pursuant to 28 U.S.C. § 2241, even if this Court were to transfer this action
18 to the proper federal District Court, that Court would not have personal jurisdiction to
19 proceed. Because this Court lacks jurisdiction to entertain this habeas corpus action pursuant
20 to 28 U.S.C. § 2241, and because this Court declines to transfer this action, the Court will
21 order that the Petition and this action be dismissed without prejudice.

22  **IT IS ORDERED** that the Petition (Doc. #1) and this action are **dismissed without**
23 **prejudice** for lack of jurisdiction, and the Clerk of the Court must enter judgment
24 accordingly.

25  DATED this 14th day of November, 2007.

_David G. Campbell_
David G. Campbell
United States District Judge